William B. Sullivan [CSB No. 171637]
helen@sullivanlawgroupapc.com
Eric K. Yaeckel [CSB No. 274608]
yaeckel@sullivanlawgroupapc.com
Clint S. Engleson [CSB 282289]
cengleson@sullivanlawgroupapc.com
**SULLIVAN LAW GROUP, APC**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff  LAYLA SUSCAVAGE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYLA SUSCAVAGE,<br><br>        Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1-10 inclusive<br><br>        Defendants. | CASE NO.: **'17CV0170 BEN NLS**<br><br>**COMPLAINT FOR:**<br><br>1. **INTERFERENCE WITH ERISA SECTION 510 BENEFITS (29 U.S.C. § 1140)**<br><br>2. **DISCRIMINATION (Cal. Govt. Code § 12940(a))**<br><br>*Demand for Jury Trial* |

---
1
**COMPLAINT**

COMES NOW Plaintiff LAYLA SUSCAVAGE (hereinafter "SUSCAVAGE" or "Plaintiff") for causes of action against Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("UC REGENTS" or "Defendant") and alleges:

1. Plaintiff LAYLA SUSCAVAGE is and at all times herein mentioned was and is an individual residing in the County of San Diego, State of California.

2. Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, is and at all times herein mentioned was a public entity, doing business in the County of San Diego, State of California.

3. Original jurisdiction in the District Court over Plaintiff's First Cause of Action is proper as the claims arise under a Federal statute (29 U.S.C. § 1140 et seq.). 28 U.S.C. § 1391. Supplemental Jurisdiction in the District Court is proper over Plaintiff's Second Cause of Action as these claims are so related that they form part of the same case or controversy. 28 U.S.C. § 1367.

4. Venue is proper because certain acts constituting the below violations were committed in San Diego County, which is within the Southern District of California. 28 U.S.C. § 1391.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOES 1 through 10, inclusive, is responsible in some manner for the events and happenings referred to herein and negligently, intentionally, or otherwise caused injury and damage proximately thereby to Plaintiff as herein alleged.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants, including fictitiously named Defendants,

were the agents and employees of each of the remaining Defendants and were at all times acting within the purpose and scope of said agency and employment.

7. The legal capacities of Defendants are stated on information and belief. Plaintiff will ask leave to amend this Complaint to set forth the capacities of those entities of unknown form when ascertained.

8. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOES 1 through 10, inclusive, are responsible in some manner for the events and happenings referred to herein and negligently, intentionally, or otherwise, caused injury and damage proximately to Plaintiff as herein alleged.

## FACTUAL BACKGROUND

9. Plaintiff SUSCAVAGE was employed with the UC REGENTS starting in approximately late 2006. SUSCAVAGE was employed with the UCSD Health division of the UC REGENTS. Throughout her employment, Plaintiff performed her job in a capable and competent manner and has been commended for doing so.

10. Plaintiff experienced a constructive termination from her employment effective on or around July of 2016. Plaintiff was placed on administrative leave and due to hostile work conditions (and lack of work) was forced to resign her position.

11. At the time of her termination, Plaintiff had a vested "service credit" of having worked approximately 9.25 years with Defendant. Plaintiff would have been entitled to additional (and substantial) retirement and healthcare benefits had she reached 10 years in service credits.

12. Plaintiff is informed and believes that Defendant did not want to have to owe Plaintiff these additional benefits, which was a motivating factor for her termination.

3
**COMPLAINT**

13. As SUSCAVAGE performed her job in a capable manner, and was commended for doing so, she is informed and believes that job performance had nothing to do with her termination. As such, she alleges that any assertion from UC REGENTS that she was terminated for cause, was pre-textual.

14. Additionally, throughout here employment Plaintiff alleges she experienced gender discrimination in that her male she received less pay than her male counterparts for performing the same, or significantly similar duties in her role with Defendant.

## FIRST CAUSE OF ACTION
## VIOLATION OF ERISA SECTION 510 ( 29 U.S.C. § 1140)

15. Plaintiff hereby incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff was at all times a participant or beneficiary, as that term is defined in the Employee Retirement Income Security Act ("ERISA.")

17. Defendant was at all times an employer, as that term is defined in ERISA.

18. Under Section 510 of ERISA, 29 U.S.C. § 1140, an employer may not taken an adverse action against a participant or beneficiary for exercising any right to which she is entitled under the provisions of an employee benefit plan ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

19. Plaintiff was terminated, at least in part, in order to interfere with her rights under Defendant's employee benefit plan.

20. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

## SECOND CAUSE OF ACTION
## DISCRIMINATION [Cal. Gov't Code § 12940(a)]

21. Plaintiff hereby incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff was at all times material hereto an employee covered by Cal. Gov't. Code § 12940 *et seq.,* which prohibits harassment in employment on the basis of age and sex.

23. Defendant is, and at all times material hereto was, an employer and/or person within the meaning of the Fair Employment and Housing Act and, as such, barred from harassing Plaintiff on the basis of her age and gender, as set forth in Cal. Gov't. Code § 12940(a).

24. Defendant or its employees discriminated against and/or harassed Plaintiff on the basis of her age and gender in violation of Cal. Gov't Code § 12940(a).

25. Plaintiff is over forty years of age. Plaintiff believes and thereon alleges that her age and gender was a motivating factor in Defendant's decision to discriminate against her, pass over her for advancement and eventually led to her termination.

26. Within one year of the last discriminatory act, on January 30, 2017, Plaintiff provided notice of her discrimination claims to the Department of Fair Employment and Housing ("DFEH"). The DFEH provided a "right to sue" notice on January 30, 2017 authorizing Plaintiff to proceed with formal litigation.

27. As a direct, foreseeable and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and other economic losses in an amount to be determined at time of trial.

28. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his

damage in a sum to be established according to proof.

29. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover attorney fees and costs pursuant to Cal. Gov't. Code § 12965.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LAYLA SUSCAVAGE, prays for judgment as follows:

1. For compensatory and special damages in an amount to be proven at trial, but in no event less than the jurisdictional minimum of this Court;
2. For restitution damages;
3. For costs of suit herein incurred;
4. For reasonable attorneys' fees incurred;
5. For an award of interest, including prejudgment interest;
6. An order reinstating Plaintiff to the position (and level of benefits) she would have held had there been no wrongdoing by Defendants;
7. An injunction prohibiting any further acts of discrimination or retaliation;
8. For any further relief as to the court may seem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests that this matter be heard and decided by trial by jury.

Dated: January 30, 2017                             **SULLIVAN LAW GROUP, APC**

                                                                            /s/ *Eric K. Yaeckel*
William B. Sullivan,
Eric K. Yaeckel,
Clint S. Engelson,
Attorneys for Plaintiff LAYLA SUSCAVAGE